# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **GLEYCIA MECHELLE GREEN,** | **CIVIL NO.** |
| Plaintiff, | |
| v., | RE: PERSONAL INJURY |
| **PAULSON PRV HOLDINGS LLC** | **PLAINTIFF DEMANDS** |
| **d/b/a LA CONCHA RENAISSANCE** | **TRIAL BY JURY** |
| **SAN JUAN RESORT; CONDADO** | |
| **DUO LA CONCHA SPV, LLC;** | |
| **INTERNATIONAL HOSPITALITY** | |
| **SERVICES INC; CHUBB; INSURERS** | |
| **1-5; UNKNOWN DEFENDANTS 1-5,** | |
| Defendants. | |

## COMPLAINT

**TO THE HONORABLE COURT:**

**NOW INTO THIS COURT,** through the undersigned counsel, comes the plaintiff and respectfully states, alleges and requests, as follows:

### I. Introduction

1.1   Plaintiff brings this action in torts, pursuant to this Court's Diversity Jurisdiction, against the owner and the operator of a hotel, seeking compensatory relief for the personal injuries and losses she sustained when she slipped and fell on a wet floor near the elevators of said hotel.

1.2   Plaintiff claims that Defendants are liable for her injuries because they negligently maintained a perilous condition next to the elevators of the hotel, without giving her any warning or taking any measures to protect her from such risk.

## II. Jurisdiction and Venue

2.1     This Honorable Court has jurisdiction over the parties and the subject matter of this litigation pursuant to 28 U.S.C. § 1332, because all the parties on either side of the controversy are of diverse citizenship and the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interests and costs.

2.2     The facts set forth in this Complaint are actionable under Articles 1536, 1538, 1539 and 1540 of the 2020 Civil Code of Puerto Rico, 31 LPRA §§ 10801, 10803, 10804 and 10805.

2.3     Venue lies under 28 U.S.C. §§ 1391(b) & (c) and 31 U.S.C. §3732(a) because Defendants transact business within this district and the acts and/or omissions forming the basis of this Complaint caused Plaintiff to sustain her damages within the District of Puerto Rico.

## III. Jury Trial Demand

3.      Pursuant to the Seventh Amendment of the United States Constitution, the Plaintiff demands a trial by jury in the instant case.  Fed. R. Civ. P. 38b.

## IV. Parties to the Action

4.1     The Plaintiff **Gleycia Mechelle Green** ("**Green**" or "**Plaintiff**") is a female of legal age and citizen of the State of Florida.

4.2     The Defendants are: **Paulson PRV Holdings LLC d/b/a La Concha Renaissance San Juan Resort** (henceforth "**Paulson**"); **Condado Duo La Concha SPV** (henceforth "**Condado Duo**"); **International Hospitality Services Inc.** (henceforth "**Hospitality Services**"); **CHUBB; Insurers 1-5**, which are designated with fictitious names because their true names are unknown to Plaintiff at this time; and, **Unknown Defendants 1-5**, which are also designated

2

with fictitious names because their true names are unknown to Plaintiff at this time.

4.3     Defendants are incorporated or organized under the laws of, and have their principal places of business in, or are citizens of, the Commonwealth of Puerto Rico or a State of the Union other than Florida.

4.4     At all times relevant herein, **Paulson** was the operator of the beachfront hotel, resort and casino known as "La Concha Renaissance San Juan Resort" (henceforth "Hotel La Concha"), located in Condado, Puerto Rico.

4.5     At all times relevant herein, **Condado Duo** was the owner of the Hotel La Concha.

4.6     At all times relevant herein, **Hospitality Services** was the administrator in charge of the Hotel La Concha.

4.7     At all times relevant to this matter, **Paulson, Condado Duo** and **Hospitality Services** owned, entrusted, operated, inspected, repaired, maintained and/or controlled the premises of the Hotel La Concha where the accident object of this Complaint occurred.

4.8     At all times relevant to this matter, **Paulson, Condado Duo** and **Hospitality Services** had a legal duty of care to keep all facilities of the Hotel free of risks and dangerous conditions, and to take all reasonable and necessary measures to protect its guests, invitees and/or any other person who legally used such facilities, including **Green**, against any foreseeable risk of injury, harm or bodily harm.

4.9     At the times relevant herein, **CHUBB** had issued and had in full force and effect an insurance policy in favor **Paulson**, **Condado Duo** and/or

**Hospitality Services** which covers the damages claimed by Plaintiff under a factual situation such as the one alleged in this Complaint.

4.10    At the times relevant herein, **Insurers 1-5** had issued and had in full force and effect insurance policies in favor of **Paulson, Condado Duo** and/or **Hospitality Services** of the type of primary, secondary, "umbrella," excess coverage and/or any other type of coverage, that cover the risks, occurrences and/or events, and damages alleged in this Complaint.

4.11    **Unknown Defendants 1-5** are the natural or legal persons who could be responsible to Plaintiff for having caused, in whole or in part, the negligent acts and/or omissions related in this lawsuit and/or the damages suffered by Plaintiff, or for the payment of sums owed to her for the damages suffered, including the spouses of any natural person defendant, for being the legal entity through which Defendant or one of them conducts business, for having issued a liability policy that covers the damages claimed in this Complaint, or for having received any economic benefit from the commercial operation of Defendant.

## V.  Factual Allegations

5.1    On December 17, 2022, at approximately 7:30 p.m., **Green** was in the facilities of the Hotel La Concha as a commercial guest.

5.2    On that date and time, **Green** exited the elevator inside the building and, as she walked down the hall that gave access to the lobby area of the hotel, Plaintiff slipped, sprained her left ankle and fell on a floor saturated with water, even though she observed all the necessary precautions and acted as a prudent and reasonable person would.

5.3    At the time, there were no signs or warnings in the hallway where **Green** fell, alerting the guests, invitees or any other person who legally used such

area of the wet and slippery condition of the floor. Immediately after the occurrence of said accident, two employees or agents of Defendants moped up the area where Plaintiff fell.

5.4     As a result of the fall described above, **Green** sustained multiple injuries, shock and trauma to her body, particularly, her left ankle and knee and right hip and wrist, which required medical attention; and she suffered mental anguish and emotional distress.

5.5     Due to her physical injuries, **Green** will be partially impaired for the rest of her life. As consequence of her physical injuries and limitations, Plaintiff has also incurred in considerable medical expenses and sustained a loss of income.

5.6     The accident described above was caused, solely and exclusively, by the negligence of **Paulson, Condado Duo** and **Hospitality Services** by maintaining a leak in the interior roof area of the building that allowed rainwater to leak onto the hallway near the elevators of Hotel La Concha, thereby creating an ostensibly hazardous condition for its guests, invitees and/or any other person who legally used such hallway, without giving notice of such existing hazardous condition and without taking precautionary measures to prevent such people from gaining access to the area and avoid accidents like the one that occurred to Plaintiff.

5.7     **Paulson, Condado Duo** and **Hospitality Services** knew or, in the exercise of due diligence, should have known, about the existence of the perilous condition negligently maintained by their employees or agents in the hallway next to the elevators of Hotel La Concha and it was reasonably foreseeable to Defendants that such dangerous condition could and, in fact, did pose a threat to the safety and well-being of its guests, invitees and any other person lawfully

5

walking along such hallway, including **Green**, but they did nothing to eliminate such hazardous condition before the accident suffered by her occurred.

5.8    **Paulson, Condado Duo** and **Hospitality Services** had a legal heightened duty of care towards its guests, such as **Green**, to keep the entire premises of the Hotel La Concha, including the hall used by its guests, invitees and others to walk from the elevators to the lobby area, in a reasonably safe condition and to adequately inspect the same according to applicable standards, as well as pursuant to its knowledge and experience, for the existence of any hazards and dangerous conditions, in order to prevent such people from being exposed to any foreseeable risk or peril of bodily injury, damage or harm.

5.9    Likewise, **Paulson, Condado Duo** and **Hospitality Services** had the legal heightened duty of care towards its guests, such as **Green**, to provide adequate supervision, training, and instructions to its employees or agents to ensure that they could identify and recognize hazardous and dangerous conditions in the hallways that connected the elevators with the lobby area of the Hotel La Concha, so that the latter could effectively take any proper, reasonable and necessary precautions or measures required to protect the former from being exposed to any foreseeable risk or peril of bodily injury, damage or harm.

5.10    **Paulson, Condado Duo** and **Hospitality Services** were negligent in that they breached and utterly failed to comply with their duties:

    a) to properly inspect the hallways designated for walking between the elevators and the lobby area;

    b) to properly train and instruct its agents or employees to maintain such halls in a reasonably safe condition for the use of its guests, invitees and others -- including, but not limited to, training and instructions on how to properly inspect, identify and remove or eliminate hazardous, perilous or dangerous conditions;

      c) to keep the hallways in question in reasonably safe conditions for their intended use, free from hazards or dangers; and,

      d) to warn about such perilous conditions, or mop up and dry the area.

5.11  It was reasonably foreseeable to **Paulson, Condado Duo** and **Hospitality Services** that their failure to comply with one or more of the previously mentioned duties could cause their guests, invitees or any other person lawfully walking along the hall in question to suffer injuries, damages and harm, as those occasioned to and suffered by **Green**.

5.12  The sole and exclusive negligence of **Paulson, Condado Duo** and **Hospitality Services** was the proximate or adequate cause of the injuries, damages and losses suffered by **Green**. By incurring such negligence, Defendants responds to Plaintiff for the damages caused.

5.13  **CHUBB** issued a public liability policy in favor of **Paulson, Condado Duo** and/or **Hospitality Services** to cover risks and damages such as those reported in this Complaint, under the terms of which it is liable to **Green**, jointly and severally with its insured(s), for the damages she has suffered.

5.14  **Insurers 1-5** issued one or more insurance policies in favor of **Paulson, Condado Duo** and/or **Hospitality Services**, which cover(s) risks and damages such as those related in this Complaint, and the negligence of its/their insured(s), under the terms of which it/they respond to **Green**, directly and independently, for the damages suffered.

5.15  **Insurers 1-5** and **Unknown Defendants 1-5** are also, jointly and severally, liable with the other Defendants to Plaintiff as to the liability attributed to them in this Complaint.

5.16  All Defendants are jointly and severally liable to Plaintiff.

## VI. Tolling of the Statute of Limitations

6.1    The facts that give rise to this action occurred on December 17, 2022.

6.2    Plaintiff tolled the statute of limitations by extrajudicially claiming compensation from Defendants on December 28, 2022, January 5, 2023, March 27, 2023, and November 3 and 17, 2023, for the damages that she has and will suffer resulting from the accident, claimed hereinafter.

## VII.  CAUSES OF ACTION

**First Cause of Action**

7.1    Plaintiff repeats and reasserts by reference each and every allegation contained in the preceding paragraphs and incorporates the same herein as though fully set forth.

7.2    As direct result of the injury to her left ankle and right wrist, **Green** sustained unbearable physical pain and suffering. In spite of surgery and physical therapy, Plaintiff continues to suffer from persistent and excruciating physical pains, aches and neurological deficits. She is presently permanently and partially disabled in her general physiological functions.

7.3    As a direct consequence of the forestated physical injuries and limitations, **Green** has suffered, is suffering and will continue to suffer severe mental anguish and emotional distress.

7.4    **Green** is entitled to receive as a full, just and fair compensation for the intangible damages stated above, a reasonable sum of no less than one million dollars ($1,000,000.00).

**Second Cause of Action**

7.5     Plaintiff repeats and reasserts by reference each and every allegation contained in the preceding paragraphs and incorporates the same herein as though fully set forth.

7.6     As direct result of her injuries and impairment, **Green** required in the past and will require in the future medical treatment, home assistance, and modification of her household to adequately adapt to her limitations; and, she has not been, and will not be, able to work as she ordinarily did, which translates into a permanent partial loss of income.

7.7     **Green** is entitled to receive as a full, just and fair compensation for the past and future loss of income and medical and other analogous expenses a reasonable sum of no less than one million dollars ($1,000,000.00).

**Third Cause of Action**

7.8     Plaintiff repeats and reasserts by reference each and every allegation contained in the preceding paragraphs and incorporates the same herein as though fully set forth.

7.9     **Green** claims payment of the additional compensation to which she is entitled in accordance with Article 1538 of the Civil Code of Puerto Rico, for an amount equal to that previously claimed as compensation for her damages.

**Fourth Cause of Action**

7.10    Plaintiff repeats and reasserts by reference each and every allegation contained in the preceding paragraphs and incorporates the same herein as though fully set forth.

7.11    In the event Defendants deny liability and responsibility for the injuries and damages caused to Plaintiff, as set forth hereinbefore, Plaintiff would be

entitled to pre-judgment interest for any and all sums finally awarded to her, to be computed from the date of the filing of this Complaint through and until the date Judgment is entered, as well as a reasonable amount of money for attorneys' fees.

## VIII.  PRAYER FOR RELIEF

**WHEREFORE,** it is respectfully requested that Judgment be entered by this Honorable Court in favor of Plaintiff and, jointly and severally, against Defendants:

a) granting Plaintiff all the sums requested in the Complaint;

b) imposing upon Defendants the payment of all costs and expenses to be incurred in this lawsuit;

c) granting Plaintiff any other relief that she may be entitled to as a matter of law; and,

d) awarding Plaintiff pre-judgment and post-judgment interests, plus a reasonable amount for attorneys' fees.

**RESPECTFULLY SUBMITTED.**  In San Juan, Puerto Rico, on May 26, 2016.



400 Calle Calaf
PMB 165
San Juan, Puerto Rico 00918-1314
Teléfono    787-761-1067
            787-761-1310
Telefax     787-330-0015
www.quintanasuarez.com

*s*/ Jorge R. Quintana Lajara
_____
Jorge R. Quintana Lajara, Esq.
USDC No. 219203
Email: jorge@quintanasuarez.com
Direct 787-309-7531

*s/* José F. Quetglas Jordán
_____
José F. Quetglas Jordán, Esq.
USDC No. 203411
Email: jfquetglas@gmail.com
jquetglas@quintanasuarez.com
Direct 787-406-8915

*s*/Pedro R. Vazquez
_____
Pedro R. Vázquez
USDC No. 216311
Email: Prvazquez3@gmail.com
pvazquez@quintanasuarez.com
Direct 787-925-46690